IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY LYONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 15 C 4798 |
| | ) |
| THOMAS DART, et al. | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Cook County's (Cook County) and Defendant Cook County Sheriff Thomas Dart's (Sheriff Dart) (collectively referred to as "Defendants") motion to dismiss. For the reasons stated below, the motion to dismiss is granted.

## BACKGROUND

Plaintiff Anthony Lyons (Lyons) alleges that he was placed in Cook County jail (Jail) on April 15, 2015. Lyons alleges that he filed an inmate grievance on May 10, 2015 complaining about the conditions of the Jail. Lyons claimed, in his grievance, that the Jail was in poor condition which created health risks for Lyons. Lyons alleges that Cook County responded to Lyons' grievance stating that Lyons'

1

"concerns are being addressed by the sanitation crew." (Compl. Par. 9). On May 16, 2015, Lyons filed a request for an appeal and Cook County responded that their response stands and attached the original response. Lyons filed this cause of action on May 29, 2015 and filed an amended complaint on June 20, 2016. Lyons includes in his first amended complaint a single claim brought against Sheriff Dart and Cook County pursuant to 28 U.S.C. § 1983 and the eighth and fourteenth Amendments. Federal statute "28 U.S.C. § 1983" does not exist. The court will construe the complaint liberally and infers that Lyons intended to allege a violation of 42 U.S.C. § 1983 (Section 1983). On August 19, 2015, the court granted Lyons' *in forma pauperis* application. On January 7, 2016, the court appointed an attorney for Lyons. Defendants move to dismiss Lyons' complaint under Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)).

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a

'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

Defendants argue that Lyons has failed to allege sufficient facts to plausibly state a claim for relief under Section 1983 and that Lyons fails to allege sufficient facts against Sheriff Dart in his individual or official capacity.

I. Sufficiency of Allegations

Defendants argue that the conditions Lyons complained of do not amount to punishment nor do they fall below the minimal civilized measure of life's necessities. A prisoner can show that his Eighth Amendment rights were violated based on "conditions of confinement in a jail or prison," by establishing: (1) that there was a deprivation that "from an objective standpoint . . . was sufficiently serious that it result[ed] in the denial of the minimal civilized measure of life's necessities," and (2)

3

that "prison officials [were] deliberately indifferent to this state of affairs." *Gray v. Hardy*, 2016 WL 3457647, at *2 (7th Cir. 2016)(internal quotations omitted)(quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The Seventh Circuit has identified several situations that meet this demanding test, including lack of heat, clothing, or sanitation. *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Also, "[s]ome conditions of confinement may establish an Eighth Amendment violation in combination when each alone would not do so." *Id.* If a short-term adverse condition of confinement might not be considered an Eighth Amendment violation, it may become one if that condition is endured over a significant period of time. *Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir.1997).

Lyons alleges that there is no working water fountain in the day room, the shower has mold, the sinks are not cleaned, there are five bathroom stalls for thirty nine people, the authorities have not power washed the division, other inmates use the sinks and do other "unsanitary things," and the mold affects Lyons' ability to breathe. Defendants argue that Lyons' allegations are conclusory statements and fail to allege facts to state a plausible claim for relief. Defendants contend that the alleged conditions do not fall below the threshold of minimal civilized measures of life's necessities. Defendants also argue that the Jail's conditions do not amount to unconstitutional punishment and that Lyons did not suffer any harm.

The combination of these conditions, although uncomfortable, are not sufficiently serious that it denied Lyons of the minimal civilized measure of life's necessities. Also, combining the effects of these circumstances and conditions over a

4

period of time does not rise to the level of a violation of Section 1983. The court accepts Lyons' allegations as true and draws all reasonable inferences in Lyons' favor. However, Lyons fails to sufficiently allege any deprivation of necessities. *See Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 671 (7th Cir. 2012)(finding that the availability of food and facilities to wash and use the toilet were among the minimal civilized measure of life's necessities and the plaintiff's allegations did not arise to a deprivation of life's necessities). Therefore, Lyons has failed to state a claim that plausibly suggests a right to pursue relief under Section 1983.

II. Deliberate Indifference

Defendants argue that Lyons fails to allege plausible facts stating a claim for deliberate indifference to provide adequate medical care because he merely speculates and provides usupported allegations. To establish a Section 1983 claim for violating a plaintiff's due process right to adequate medical care, the plaintiff must demonstrate: (1) that he "had an objectively serious medical condition," (2) that "the defendants knew of the condition and were deliberately indifferent to treating [him]; and (3) that "this indifference caused [him] some injury." *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). When assessing an Eighth Amendment claim, the court looks for physical injury "that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Hayes v. Snyder,* 546 F.3d 516, 523 (7th Cir.2008).

Lyons alleges that certain conditions can injure his health, that the mold impacts his asthma, and that his asthma condition is not properly treated by medical staff. While Lyons alleges, in a conclusory manner, his subjective belief that he is facing serious health risks, he has failed to provide specific facts that would suggest from an objective viewpoint any constitutional violation. Lyons' allegations for deliberate indifference of medical treatment are severely deficient even when leniently construed by the court. Therefore, Lyons fails to state a claim that plausibly suggests a right to pursue relief for deliberate indifference.

III. Allegations Against Sheriff Dart Individually

Defendants argue that Lyons fails to state a claim against Sheriff Dart in his individual capacity and fails to state a claim against Sheriff Dart in his official capacity. In order to hold an individual liable under Section 1983, the plaintiff must show that "defendants were personally responsible for depriving his constitutional rights." *Wilson v. Warren Cty., Illinois*, 2016 WL 3878215, at *3 (7th Cir. 2016)(stating that "[a] defendant is personally responsible if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent")(internal quotations omitted))(quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). Also, the plaintiff must establish that the official "knowingly, willfully, or at least recklessly caused the alleged deprivation by his action or his failure to act." *Rascon v. Hardiman,* 803 F.2d 269, 274 (7th Cir. 1986). Lyons fails to allege any specific acts committed by Sheriff Dart or allege that Sheriff Dart had

6

any knowledge or awareness that any alleged constitutional deprivation occurred. Thus, Lyons has failed to state a claim that plausibly suggests a right to pursue relief against Sheriff Dart. Therefore, Defendants motion to dismiss is granted.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion to dismiss is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   January 24, 2017